UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 2:16 CR 177 |
| | ) |
| JESUS LOPEZ | ) |

**OPINION and ORDER**

Petitioner Jesus Lopez has filed a motion to vacate his sentence under 28 U.S.C. § 2255. (DE ## 178, 187.)[1] For the reasons that follow, petitioner's motion is denied.

**I.     BACKGROUND**

In August of 2020, after pleading guilty, Lopez was convicted of possession with intent to distribute methamphetamine, and aiding and abetting, in violation 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. (DE # 158.) In his plea agreement, he waived his right to appeal or collaterally challenge his sentence on any ground other than ineffective assistance of counsel.[2] (DE # 93 at 4.) The Seventh Circuit affirmed his conviction on appeal, and certiorari was denied by the Supreme Court. *United States v. Lopez*, No.

---

[1] Lopez timely filed an amended motion to vacate (DE # 187), adding additional grounds for relief, but not incorporating the arguments he made in his initial motion. While he should have incorporated all of his arguments into one motion, the court considers both the original motion and the amended motion, together, as comprising his motion to vacate.

[2] Throughout his filings, Lopez appears to make arguments outside of his ineffective assistance claims, challenging instead the actual substance of the proceedings against him. As discussed throughout this Opinion and Order, Lopez's plea agreement – including his appeal waiver – was made knowingly and voluntarily. He has made no argument that his appeal waiver was not made knowingly or voluntarily. Accordingly, the court does not address any argument outside of his ineffective assistance claims.

20-2557, 2022 WL 17175133, at *1 (7th Cir. Nov. 23, 2022), *cert. denied*, 143 S. Ct. 1043 (2023).

Lopez now seeks to vacate his conviction and sentence, on the basis that he received ineffective assistance of counsel. His motion is fully briefed and is ripe for ruling.

## II.     LEGAL STANDARD

A § 2255 motion allows a person in federal custody to attack his or her sentence on constitutional grounds, because it is otherwise illegal, or because the court that imposed it was without jurisdiction. 28 U.S.C. § 2255(a). Motions to vacate a conviction or correct a sentence ask a court to grant an extraordinary remedy to a person who has already had an opportunity for full process. *Kafo v. United States*, 467 F.3d 1063, 1068 (7th Cir. 2006).

## III.    DISCUSSION

### A.     *Ineffective Assistance of Counsel Standard*

Claims for ineffective assistance of counsel are analyzed under *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, "a defendant claiming ineffective counsel must show that counsel's actions were not supported by a reasonable strategy and that the error was prejudicial." *Massaro v. United States*, 538 U.S. 500, 505 (2003). "To satisfy the deficient performance prong, a petitioner must show that the representation his attorney provided fell below an objective standard of reasonableness." *Vinyard v. United States*, 804 F.3d 1218, 1225 (7th Cir. 2015). "A court's

2

scrutiny of an attorney's performance is 'highly deferential' to eliminate as much as possible the distorting effects of hindsight, and we 'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Id.* (internal citation omitted). "The challenger's burden is to show 'that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.'" *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (internal citation omitted).

To satisfy the prejudice prong, a petitioner must establish that "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Strickland*, 466 U.S. at 694. "This does not mean that the defendant must show that counsel's deficient conduct more likely than not altered the outcome in the case. Rather, a reasonable probability is a probability sufficient to undermine confidence in the outcome, which in turn means a substantial, not just conceivable likelihood of a different result." *Harris v. Thompson*, 698 F.3d 609, 644 (7th Cir. 2012) (internal citations and quotation marks omitted). If a petitioner fails to make a proper showing under one of the *Strickland* prongs, the court need not consider the other. *See Strickland*, 466 U.S. at 697.

"[T]he two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). The performance prong is the same as that outlined in *Strickland*. *Id.* To establish prejudice in a case where the petitioner pleaded guilty, "the defendant must show that there is a

3

reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59; *see also Morales v. Boatwright*, 580 F.3d 653, 663 (7th Cir. 2009). "[T]he petitioner must do more than simply allege 'that he would have insisted on going to trial'; he must also come forward with objective evidence that he would not have pled guilty. Objective evidence includes the nature of the misinformation provided by the attorney to the petitioner and the history of plea negotiations." *Hutchings v. United States*, 618 F.3d 693, 697 (7th Cir. 2010) (internal citation omitted).

### B.   Attempt to Withdraw from the Plea Agreement

The first error Lopez believes his counsel made was in regards to his desire to withdraw from his plea agreement. During the plea hearing, the court informed Lopez that it was accepting his plea of guilty, but would reserve acceptance of the plea agreement until sentencing. (DE # 133 at 18.) Lopez argues that his counsel was ineffective for failing to challenge his right to withdraw his plea agreement. (DE # 178 at 5-6.) While he concedes that his counsel did in fact move this court to allow Lopez to withdraw from the plea agreement and withdraw his plea of guilty (*see* DE # 145), he argues that his counsel failed to assert that Lopez had a right to withdraw from the plea agreement given that the court was withholding acceptance of his plea agreement. (DE # 178 at 9.) He argues that his plea agreement was not binding on him until the court accepted the agreement. (*Id.*)

The Seventh Circuit has previously rejected a defendant's claim that he had a

4

right to withdraw from a plea agreement after his plea of guilty but before the court's acceptance of the plea agreement. *See United States v. Standiford*, 148 F.3d 864, 867 (7th Cir. 1998) *(*"Mr. Standiford suggests that because the agreement had not yet been approved by the district court, he had the right to withdraw from the entire agreement. We cannot accept this reasoning."). The Federal Rules of Criminal Procedure provide that a defendant may withdraw a plea of guilty after the court accepts the plea, but before it imposes the sentence, if the court rejects the plea or if the defendant can show a fair and just reason for requesting the withdrawal. Fed. R. Crim. P. 11(d)(2). "Although a motion to withdraw a plea is distinct from a motion to withdraw from a plea agreement . . . the plea agreement and the plea are bound up together, and thus . . . the same standard of 'a fair and just reason' for withdrawal applies." *United States v. Hallahan*, 756 F.3d 962, 970 (7th Cir. 2014). A 'fair and just reason' could include: legal innocence, actual innocence, or that the plea was not made knowingly or voluntarily. *United States v. Barr*, 960 F.3d 906, 917 (7th Cir. 2020).

In this case, Lopez's counsel moved to withdraw the plea and plea agreement on the basis that Lopez did not knowingly or voluntarily enter into the plea agreement. That argument was rejected by this court, and this court's rejection was affirmed by the Seventh Circuit. DE # 145; *Lopez*, No. 20-2557, 2022 WL 17175133, at *3. Both this court and the Seventh Circuit found that, in light of Lopez's admissions during the Rule 11 plea colloquy, he could not claim that his guilty plea was not knowing or voluntary.

Counsel's performance was not deficient because counsel *did* make the broader

5

argument that Lopez now claims she should have made regarding the knowing and voluntary nature of his plea agreement – even if that argument was ultimately rejected. *See Resnick v. United States*, 7 F.4th 611, 622 (7th Cir. 2021) (rejecting ineffective assistance claim where counsel made argument defendant asserted should have been made). Counsel's failure to argue that Lopez had a right to withdraw from his plea agreement prior to the court's acceptance of that agreement did not amount to either deficient or prejudicial performance, as that argument is not legally viable.

    C.    *Relevant Conduct*

In his plea agreement, Lopez agreed that "the amount of drugs involved in both my offense of conviction and all relevant conduct under the U.S. Sentencing Guidelines is 4.5 kilograms or more of 'ice.'" (DE # 93 at 4.) This number included both the 450 grams of methamphetamine discovered in Lopez's possession on November 16, 2016, as well as the nearly 16 kilograms of methamphetamine discovered on Dana Woody a few days after Lopez's arrest. (DE # 110 at 4-5.)

Lopez claims that his counsel provided ineffective assistance in failing to make the following arguments regarding the inclusion of relevant conduct in his plea agreement. (DE # 178 at 13-16.) First, Lopez argues that his plea agreement was not knowing or voluntary because it incorporated the drugs smuggled by Woody, and he could not have acted jointly with Woody because her conduct occurred after he was arrested. (*Id.* at 13-14.) Second, he argues that the Government cannot hold him responsible, through relevant conduct, for the illegal actions of another without actually

6

charging him with the crime of conspiracy. (*Id.* at 15.) Third, he claims that the inclusion of relevant conduct constructively amended the indictment. (*Id.* at 16.) None of these claims establish ineffective assistance of counsel.

Lopez negotiated his plea agreement with defense counsel Tod Urban. Defense counsel Kerry Connor was subsequently appointed to Lopez's case, and Connor argued in the motion to withdraw Lopez's guilty plea and plea agreement that Lopez did not knowingly or voluntarily agree to the inclusion of relevant conduct in his plea agreement. (DE # 145 at 8.) As discussed above, this argument was ultimately rejected based on Lopez's sworn statements during his change of plea hearing. However, the argument was competently raised by counsel.

Next, Lopez is mistaken in his claim that relevant conduct cannot include conduct outside of the charged offense. "Under the Sentencing Guidelines, a sentencing court considers relevant conduct in calculating the defendant's sentencing range." *United States v. Campbell*, 37 F.4th 1345, 1349 (7th Cir.), *cert. denied*, 143 S. Ct. 390 (2022) (citing U.S.S.G. § 1B1.3). The relevant conduct sentencing guideline "is the means by which real-offense principles are inserted into what is otherwise a charged-offense system. The goal in including relevant conduct in sentencing considerations is to allow the sentence to reflect the seriousness of an offense rather than being limited by the specific charge set out in the indictment." *United States v. Taylor*, 272 F.3d 980, 982 (7th Cir. 2001). Accordingly, "the guidelines permit the court to consider certain conduct with which the defendant has not been charged." *Id.* In fact, the relevant conduct

7

guideline explicitly states that the actions of others in jointly undertaken criminal activity can be considered as relevant conduct, even if that jointly undertaken criminal activity was not charged as a conspiracy. U.S.S.G. § 1B1.3(a)(1)(B).

While Lopez now attempts to argue that his and Woody's actions were not part of jointly undertaken criminal activity, he does not identify any argument his counsel should have made to this point, aside from the fact that Woody was arrested ten days after his own arrest. Yet, the fact remains that Lopez knowingly and voluntarily admitted to possession of 4.5 kilograms of methamphetamine, the majority of which was confiscated from Woody.[3]

Just as Lopez's relevant conduct was not limited to the charged offense, the inclusion of relevant conduct did not constructively amend the indictment. *See United States v. Tello*, 687 F.3d 785, 797 (7th Cir. 2012) (defendant's admissions in plea agreement of acts in excess of those charged in indictment did not constructively amend indictment, but were admissions of relevant conduct). The essential elements to which Lopez agreed remained the same from the indictment to the plea agreement. The additional methamphetamine included in the plea agreement was relevant conduct

---

[3] Lopez later argues that his counsel's failure to challenge the inclusion of relevant conduct in calculating his sentence also amounted to ineffective assistance. (DE # 178 at 27.) This argument fails for the same reasons already articulated in this section. Lopez pleaded guilty to possession of 4.5 kilograms of methamphetamine, and that was the amount for which he was held responsible at sentencing. While his counsel did attempt to again argue against the inclusion of relevant conduct during the sentencing proceedings (DE # 115), Lopez had already admitted to the conduct in his plea agreement.

committed in addition to those elements and was not necessary to convict Lopez under 21 U.S.C. § 841(a)(1), and thus did not constitute a constructive amendment of the indictment. *See id*.

Given the foregoing, Lopez has failed to establish that his counsel provided ineffective assistance with respect to his admission of relevant conduct in the plea agreement, or that he was prejudiced by that assistance.

D.     *Double Jeopardy/Double Counting*

Lopez claims that his counsel should have argued that the inclusion of Woody's methamphetamine as relevant conduct in Lopez's sentencing violated his right against double jeopardy and also constituted impermissible double counting. (DE # 178 at 25.) He specifically claims that counsel should have challenged the court's consideration of this relevant conduct in calculating both his offense level and in applying Guideline enhancements.

Double jeopardy principles do not apply at sentencing, as Guideline enhancements do not qualify as punishments under the Double Jeopardy Clause. *United States v. Marcotte*, 835 F.3d 652, 657 (7th Cir. 2016) (citing *Monge v. California*, 524 U.S. 721, 728 (1998)). "The Supreme Court has held that the 'use of evidence of related criminal conduct to enhance a defendant's sentence for a separate crime within the authorized statutory limits does not constitute punishment for that conduct within the meaning of the Double Jeopardy Clause.' " *United States v. Faulkner*, 793 F.3d 752, 756 (7th Cir. 2015) (quoting *Witte v. United States*, 515 U.S. 389, 399 (1995)).

9

Lopez's argument regarding double counting is likewise untenable. "[T]here is no general prohibition against double counting in the guidelines. To the contrary, the default rule is that the same conduct may determine the base offense level and also trigger the cumulative application of enhancements and adjustments unless a specific guideline instructs otherwise." *United States v. Vizcarra*, 668 F.3d 516, 518 (7th Cir. 2012) (citing U.S.S.G. § 1B1.1 cmt. n. 4); *see also Marcotte*, 835 F.3d at 656–57. Lopez has not identified any guideline that was applied to his sentence that specifically instructs that it may not be applied cumulatively. Moreover, the guidelines he identifies in his motion – U.S.S.G. §§ 1B1.3, 2D1.1, 3B1.1 – do not prohibit cumulative application. Furthermore, Lopez has not identified any double counting that occurred. The calculation of his offense level, the enhancement for his role in the offense, and the enhancement for his unlawful importation of methamphetamine, all considered distinct components of Lopez's offense. Lopez has not established ineffective assistance on this ground.

    E.    *Calculation of Sentence*

Lopez argues that his counsel was ineffective for failing to argue against the enhancement for his role in the offense and his enhancement for his knowledge of Woody's unlawful importation of methamphetamine into the United States. (DE # 178 at 33-34.) His counsel in fact made these arguments. (DE ## 115, 166.) Lopez has failed to establish any ineffective performance regarding the calculation of his sentence.

    F.    *Confrontation Clause*

Lopez argues that his counsel was ineffective for failing to raise a confrontation

clause argument related to a drug-analysis report utilized at his sentencing. (DE # 178 at 31.) However, the Confrontation Clause does not apply to sentencing proceedings. *United States v. Ghiassi*, 729 F.3d 690, 695 (7th Cir. 2013).

    G.    *Jurisdictional Argument*

Lopez claims that his counsel was ineffective in failing to argue that the evidence against him should have been suppressed, or the charges against him dismissed, because the officers who conducted the traffic stop precipitating his arrest acted outside of their jurisdiction. (DE # 178 at 19.) He argues that he was stopped in Chesterton, Indiana but the officers were members of the Hobart, Indiana police department. (*Id.*) He cites Indiana Code § 21-39-4-6, a provision regulating Indiana state education institutions' power to appoint police officers.

Lopez has not established that his counsel was ineffective for failing to make this argument. The Seventh Circuit has held that "the Fourth Amendment does not concern state borders," and therefore "violations of state law do not justify suppression in federal prosecutions." *United States v. Castetter*, 865 F.3d 977, 978-79 (7th Cir. 2017). "States may decide as a matter of domestic law not to authorize their police to acquire information extraterritorially, but federal courts do not use the exclusionary rule to enforce state-law doctrines." *Id.* at 978. The same rule would apply to interstate borders, thus there would be no basis for suppression of the evidence against Lopez.

    H.    *Charged Offense*

Lopez claims that the indictment failed to charge him with an offense because it

11

did not specify any drug quantity, and therefore his counsel should have moved to dismiss the indictment. (DE # 187 at 4.) According to Lopez, the indictment charged him with possession of a "mixture and substance" containing methamphetamine, which is the language used to describe a violation of 21 U.S.C. § 841(b)(1)(A) and (B). However, because the indictment did not charge him with a specific drug quantity, the offense actually fell under 21 U.S.C. § 841(b)(1)(C). However, § 841(b)(1)(C) does not cover a "mixture and substance" containing methamphetamine. Thus, according to Lopez, the indictment failed to charge him with an offense.

Lopez's argument is legally incorrect. The indictment charged Lopez with possessing with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, in violation of § 841(a)(1). Section 841(a)(1) makes it unlawful for a person to possess with intent to distribute a controlled substance. A mixture and substance containing methamphetamine is a schedule II controlled substance. 21 C.F.R. § 1308.12. Section 841(a)(1) is the substantive offense with which Lopez was charged. Lopez was sentenced under § 841(b)(1)(C), and therefore the drug quantity did not effect his statutory sentencing range and the indictment was not required to identify the drug quantity. *See e.g. United States v. Flagg*, 481 F.3d 946, 949–50 (7th Cir. 2007); *United States v. Bowlin*, 534 F.3d 654, 662 (7th Cir. 2008); *United States v. Turner*, No. 20-3506, 2022 WL 356373, at *2 (7th Cir. Feb. 7, 2022). While § 841(b)(1)(C) does not contain the phrase 'mixture and substance,' it applies to schedule II controlled substances, and a mixture and substance of methamphetamine is a schedule II

12

controlled substance. 21 C.F.R. § 1308.12. Lopez has not identified any ineffective assistance of counsel with regard to his charged offense.

     I.       *Timeliness of Indictment*

Lopez asserts that his counsel should have argued that the Government's failure to return an indictment within 30 days of his arrest required dismissal of the charges against Lopez. (DE # 187 at 5.) Lopez claims that the Government fraudulently represented to the court that Lopez and his appointed counsel Roxanne Mendez Johnson agreed to an extension of time for the Government to file an indictment against Lopez. (*Id.* at 5-6.) He claims that he had no knowledge of, and never authorized, such an extension and that attorney Mendez Johnson did not represent him at the time the alleged agreement was made by attorney Mendez Johnson. (*Id.*)

The docket reflects that, on December 13, 2016, both Lopez and his newly appointed attorney, Tod Urban, appeared in person before the Magistrate Judge. (DE # 22.) The court was provided with a copy of the Government's motion and Lopez's waiver of time to charge Lopez by information/indictment. (*Id.*) The record indicates that Lopez had no objection to the extension. (*Id.*) The Magistrate Judge indicated that the motion for extension would be granted upon the motion's filing on the docket. (*Id.*) The motion was filed on December 16, 2016. (DE # 24.)

Lopez's contentions that he had no knowledge of the requested extension, and that attorney Urban did not agree to the extension, is belied by the record. Furthermore, while Lopez may not have wanted to agree to the extension of time, his agreement was

13

not required. "There is no requirement that counsel obtain the defendant's consent prior to making purely tactical decisions such as the decision to seek a continuance." *United States v. Hills*, 618 F.3d 619, 628 (7th Cir. 2010) (cleaned up). "Certain rights are fundamental, and therefore personal, to a defendant. Such rights include the waiver of the right to a jury trial, the right to plead guilty, the right to testify on one's own behalf, or the right to take an appeal." *Id.* at 627. However, while "[t]he right to a speedy trial is certainly an important right, . . . trial tactics have always been within counsel's province." *Id.* at 628.

Here, the Government requested the extension of time because Lopez was cooperating pursuant to Federal Rule of Criminal Procedure 11(c), in anticipation of a proposed plea agreement. (DE # 24.) Counsel's tactical decision to agree to the one-time requested extension was within counsel's authority to authorize and did not amount to ineffective assistance. *See e.g. Robey v. United States*, No. 118CV01705SEBTAB, 2019 WL 4688723, at *2 (S.D. Ind. Sept. 25, 2019) (counsel's tactical decision to agree to extensions of time to file indictment not ineffective assistance because parties were attempting to resolve underlying criminal matter prior to indictment); *Figueroa v. United States*, No. 07 C 6321, 2009 WL 310905, at *4 (N.D. Ill. Feb. 9, 2009), *aff'd*, 394 F. App'x 315 (7th Cir. 2010) (counsel's agreement to extension of time to indict defendant not ineffective assistance where defendant was cooperating with government).

  J. *Cumulative Effected of Alleged Errors*

It is not enough for this court to consider whether each alleged error, alone, rises

to the level of *Strickland* prejudice. The court also considers defense counsel's performance as a whole, and any cumulative effect of the alleged errors. *Cook v. Foster*, 948 F.3d 896, 908 (7th Cir. 2020). When this court evaluates counsel's performance as a whole, Lopez has not demonstrated a reasonable probability that the outcome of his criminal proceedings would have been different had his counsel raised the objections he identifies.

    K.    *Motion for Immediate Release*

In addition to his motion to vacate, Lopez has also filed a motion for immediate release. (DE # 204). Lopez claims that pursuant to Federal Rule of Criminal Procedure 12, he can move to dismiss for lack of jurisdiction at any time while his case is pending. While his motion to vacate may have been pending, this criminal case is no longer pending – it concluded upon the entry of judgment against Lopez. This court has dismissed two prior post-sentencing attempts by Lopez to dismiss the indictment. (DE ## 193, 195.) Lopez is cautioned that any future duplicative motions will be summarily stricken. Furthermore, the court notes that the substance of Lopez's argument in this motion was addressed elsewhere in this Opinion and Order.

    L.    *Certificate Of Appealability*

Pursuant to § 2255 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. A court should issue such a certificate only if the movant has made a substantial showing of the denial of a constitutional right, such that reasonable jurists would find debatable whether the district court correctly

15

resolved the issues or would conclude that those issues deserve further proceedings. 28 U.S.C. § 2255; 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 337-38 (2003). In light of the foregoing, the court finds that the conditions for the issuance of a certificate of appealability are not present in this case. Therefore, no certificate will issue.

### III. CONCLUSION

For the foregoing reasons, the court **DENIES** Jesus Lopez's motion to vacate under 28 U.S.C. § 2255 (DE ## 178, 187), and **DENIES** Jesus Lopez a certificate of appealability. The court also **DENIES** Jesus Lopez's motion for immediate release. (DE # 204.)

**SO ORDERED.**

Date: November 6, 2024

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT